UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD CORY REARDON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Criminal Case No. 15-20137
Civil Case No. 17-12570

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [38]; AND DENYING MOVANT A CERTIFICATE OF APPEALABILITY**

On July 11, 2016, Movant Edward Cory Reardon pled guilty to one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) [Dkt. 27]. On January 30, 2017, the Court sentenced Movant to 15 years' (180 months) of imprisonment.

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence [38] on August 8, 2017. On order of the Court, the Government filed a Response [42] on September 25, 2017. Movant filed a Reply [43] on October 18, 2017.

For the reasons stated below, Movant's Motion to Vacate, Set Aside, or Correct Sentence [38] is **DENIED**. Movant is **DENIED** a certificate of appealability.

## FACTUAL BACKGROUND

In September 2013, the Government issued a criminal complaint charging Movant with various child pornography-related activities. In addition, in October 2013, Movant was charged in Macomb County with sexually abusive activity against a child, in violation of M.C.L. § 750.145C2, and using computers to commit a crime, in violation of M.C.L. § 750.145D2F. The Government's motion to dismiss the federal criminal complaint without prejudice was granted in December 2013.

On January 8, 2014, the Macomb County Circuit Court sentenced Movant to an indeterminate term of incarceration of 6-20 years.

After further investigation by law enforcement, the Government issued an indictment [1] against Movant on March 10, 2015. Movant remained in the custody of the Michigan Department of Corrections ("MDOC") during the pendency of this case, from March 10, 2015 through February 15, 2017.

Movant pled guilty on July 11, 2016. The Court sentenced Movant to 15 years' imprisonment [36]. That sentence runs concurrent to the MDOC sentence that Movant was already serving.

## LEGAL STANDARD

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed

outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Movant alleges a violation of his constitutional right to the effective assistance of counsel. To establish ineffective assistance of counsel, Movant must show that his counsel rendered deficient performance and thereby prejudiced Movant's defense so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## ANALYSIS

Movant faults his counsel for failing to obtain credit for the time Movant served between September 2013 and January 2017. This does not meet the *Strickland* standard. Movant fails to recognize that his counsel could not have rendered deficient performance because, among other reasons, the Court was statutorily bound to impose a 15-year sentence. *See* 18 U.S.C. § 2251(e). Although there are certain situations in which a court is permitted to sentence a defendant below a mandatory minimum,[1] none of those occurred in this case.

---

[1] *See, e.g.*, 18 U.S.C. § 3553(e), which provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

Movant's ineffective assistance argument also fails because pursuant to 18 U.S.C. § 3585(b), the power to award credit for time served lies exclusively with the Attorney General of the United States and the Bureau of Prisons. *United States v. Brown*, 417 Fed. Appx. 488, 493 (6th Cir. 2011). The decision to award or deny credit for pretrial detention is not made until a defendant enters the custody of the Bureau of Prisons. A defendant may seek "[r]eview of the Bureau of Prisons' determination . . . through the administrative process and ultimately, after the exhaustion of administrative remedies, in the District Court." *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). Movant fails to allege that he has exhausted his administrative remedies with the Bureau of Prisons. *See United States v. Singh*, 52 Fed. Appx. 711, 712 (6th Cir. 2002).

## CONCLUSION

Movant has made no showing that his counsel's failure to ask the Court to seek credit for time served constituted deficient performance or prejudiced his defense. Furthermore, the Court concludes that Movant has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Movant a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [38] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a certificate of appealability.

**SO ORDERED**.

Dated: November 28, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge